## GENERAL TELEPHONE CO. OF FLORIDA v. SOUTHERN BELL TEL. & TEL. CO. (No. 3).

### No. 5976-TP.

Railroad & Public Utilities Commission.

November 7, 1962.

64

Howard P. Macfarlane and Hugh C. Macfarlane, both of Tampa, and John Robert Jones, Columbus, Ohio, for the complainant.

Harold B. Wahl and Nathan H. Wilson, both of Jacksonville, and Norman C. Frost, Atlanta, Ga., for the defendant.

Lewis W. Petteway, General Counsel for the Commission, for the commission's staff and in the general public interest.

Chairman WILBUR C. KING, Commissioners JERRY W. CARTER and EDWIN L. MASON each participated in the disposition of this matter.

## BY THE COMMISSION.

*Order denying petition for reconsideration and fixing date for mileage study conference:* After a most careful consideration of the pleadings herein, the stipulations received at a prehearing conference, the evidence adduced at the various formal hearings, the written briefs of the parties, technical demonstrations, and oral arguments, this commission entered its interlocutory order establishing the primary principles for the determination of the ultimate issues involved in this complaint proceeding. In said order, the commission found that the Charleston Plan, when modified by a mileage study which results in a reasonably accurate measurement of holding time minute miles in lieu of an approximation thereof, will be a reasonable and proper method for separating General's Florida exchange circuit plant between intrastate toll and exchange use for toll settlement purposes between it and Southern Bell. The order then went on to direct the parties to make a joint mileage study which shall consist of a measurement of the length of haul of the exchange circuit plant for local and toll calls made in General's exchanges in Florida, under the supervision of the commission's staff, pursuant to terms, conditions, and specifications which shall be developed by said parties and the commission's staff and submitted to the commission for its approval in advance of the commencement of said study. The results of said study, as directed by the order, shall then be used as the mileage factor in the Charleston Plan in lieu of its assumed mileage equality. The order also directed that the Charleston Plan, thus modified by the results of said study, shall then be used as the method for separating General's Florida exchange circuit plant between intrastate toll and exchange use for toll settlement purposes between General and Southern Bell.

The foregoing constitute the primary and affirmative requirements of the order. However, the commission, in its order then provided that the parties, in lieu of making the aforesaid joint mileage study, might, if they cared to do so and notified the commission to that effect on or before November 1, 1962, substitute for said joint mileage study one of the following alternatives — (a) Use the results of Southern Bell's mileage study which were offered and received in evidence in this proceeding; or (b) Develop a settlement agreement consistent with applicable provisions of the revised nationwide toll settlement schedules announced September 15, 1962 by USITA Settlements and New Services Committee and Bell System Representatives.

Within the 15 day period allowed by the rules of this commission, General filed herein its petition for reconsideration and rehearing. However, on November 1, 1962, General notified the commission by formal written report concerning the alternative upon which it is willing to resolve this controversy. This formal written report was not signed by Southern Bell, therefore, it must be assumed that it was not agreeable to said defendant. Southern Bell filed no report on November 1, 1962, although it did file timely reply to complainant's petition for reconsideration. Under the rules of this commission, the filing of the petition for reconsideration indefinitely postponed the effective date of the questioned order. Therefore, strictly speaking, it could reasonably be construed by the parties that there was an automatic postponement of the November 1 date by which time the parties were required to notify the commission concerning their election, if any, of alternatives as permitted by the order. At the same time, the very fact that General has filed with the commission a report outlining the conditions on which it is willing to resolve this controversy, which report was not signed by Southern Bell, indicates rather conclusively to the commission that the parties have not reached an agreement concerning the use of either of the two permissible alternatives. More than thirty days have now transpired since the order of the commission was issued and it would appear that the parties have had ample time to negotiate any agreement they might be willing to make concerning the acceptance of one or the other of the two permissible alternatives. Therefore, the commission feels that it should now proceed with the orderly processing of this proceeding.

With reference to the complainant's petition for reconsideration and rehearing, it is the opinion of the commission that the same should be denied. There has probably never been a case before this commission which received such intensive study and consideration by the commissioners and the commission's staff as this highly technical complaint proceeding. No phase of the matter has escaped the consideration and study of the commission and we do not consider that the petition for reconsideration and rehearing presents any sound basis for further proceedings involving the issues covered by the preliminary phase of the controversy.

With reference to further proceedings in this cause, it is the opinion of the commission that it would serve no useful purpose to establish a new date on which the parties should be required to notify the commission of their election or rejection of either of the alternatives offered by the order. It is obvious that the commission has been notified that the parties have not been able to reach an agreement. Therefore, the primary and affirmative requirements of the order should now become effective.

It is therefore ordered that the petition of General Telephone Company of Florida for reconsideration and rehearing of order no. 3455, entered herein on October 5, 1962, is denied. It is further ordered that General Telephone Company of Florida and Southern Bell Tel. & Tel. Co. be and they are hereby directed to formally confer with the staff of this commission at 2:30 P.M. Tuesday, November 20, 1962 at the commission's office in Tallahassee, for the purpose of developing and submitting to the commission for its approval, the terms, conditions, and specifications which shall govern the further mileage study contemplated by order no. 3455, and outlined in finding no. 8 of said order.